Dear Mr. Burson:
You have requested an opinion from this office regarding whether:
 (1) It is legal for the St. Landry Parish School Board to make payment to the Parochial Employees' Retirement System for a member's 6.671 years of prior credible service during which he was a member of the School Board, but not a member of the system; and
 (2) If such payment is legal, does approval require passage of a motion by the School Board.
Along with your request, you included an invoice for the cost of prior service credit from the retirement system showing a total actuarial cost of $15,183.00, of which the employee contributions are $5,661.00. Because it is unclear from your request which portion of the contribution, the employer's or employee's, or both, is of concern, this opinion will address both portions.
LSA-R.S. 33:6103 H., which allows for the purchase of prior credible service by School Board members, provides as follows:
 (H) Any member who is a school board member shall be entitled, at his option, to receive credit for any full-time service rendered as a school board member prior to becoming a member of this system. The local school board shall certify the inclusive dates of the terms of office of the school board member, the salary earned by the member during these inclusive dates, and that this was full-time service, or the member shall submit such other evidence in lieu thereof as shall be requested by the board. In order for such service to be credited, there shall be paid into the system a sum equal to the present value of the additional retirement benefit payable on account of his prior service should the member retire at the time credit for such service is established if he is eligible to retire at the time he establishes credit for the service, or an amount which, if invested at the current actuarially assumed rate of interest, compounded annually would accumulate to an amount equal to the present value of the additional retirement benefit payable on account of his prior service should the member continue until the earliest date he is eligible to retire if he is not eligible to retire at the time he establishes credit for the service. If agreed to by the board of trustees, and under the terms and conditions set by the board, the payments may be paid in installments.
Article 7, Section 14 (A) of the Louisiana Constitution of 1974 provides, in pertinent part, as follows:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credits, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Article 7, Section 14 (B) further provides, in pertinent part, as follows:
 (B) Authorized Uses. Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees . . .
Contributions of public funds to pension and insurance programs for the benefit of public employees, however, must be specifically authorized by law, and must be made in payment of some legal obligation. See City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983). While the employer's portion of the "retirement" contribution is authorized by law and made pursuant to a legal obligation, there is no authority for the employer to pay the employee's portion of the contribution. An employer doing so would violate Article 7, Section 14 (A). Therefore, payment by the School Board of its portion of the retirement contribution does not violate this Article; however, the School Board may not lawfully pay the employee's portion.
Because the employee is entitled by law, at his option, to purchase the additional "time", and the School Board is therefore obligated to pay its portion, this is not a discretionary decision, and thus a motion would not be required to be passed.
Trusting this to be of sufficient information, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-0360l